UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JESS ORAN SKAGGS, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Civil Action No. 07-383 (RMC) |
| ALBERTO GONZALEZ, *et al.*, | ) ) ) | |
| Respondents. | ) ) | |

## ORDER TRANSFERRING CASE

Petitioner Jess Oran Skaggs pleaded guilty in the U.S. District Court for the Northern District of Texas to possession of a firearm with an obliterated serial number, 18 U.S.C. § 922(k), and was sentenced to 60 months' incarceration followed by 2 years' supervised release. Judgment was entered on February 24, 2006. In a connected case, Mr. Skaggs pleaded guilty in the U.S. District Court for the Western District of Texas to failure of a licensed dealer to record a firearm sale, 18 U.S.C. §§ 922(b)(5), 924(a)(1)(D), and was sentenced to 60 months' incarceration followed by 3 years' supervised release. Judgment was entered on March 29, 2006. Mr. Skaggs is currently serving his sentences concurrently in the federal penitentiary in Oakdale, Louisiana.

Mr. Skaggs filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this Court on February 22, 2007. He attacks both convictions. A review of the docket of his case in the Northern District of Texas reveals that, between January 10 and February 5, 2007, Mr. Skaggs filed eight documents that the court characterized as "meritless, frivolous, and abusive" and "an improper attempt to challenge his conviction." *United States v. Skaggs*, No. 05-49, Order at 4 (N.D.

Tex. Feb. 8, 2007). The court additionally noted that, in his plea agreement, Mr. Skaggs waived the right to challenge his conviction in a collateral proceeding, including under 29 U.S.C. §§ 2241 and 2255, except under limited circumstances. It thus declined to construe his "recreational filings" as a motion for postconviction relief under § 2255. *Id.* A review of the docket of his case in the Western District of Texas likewise reveals no § 2255 motion. *See United States v. Skaggs*, No. 05-127, PACER docket (last visited Feb. 26, 2007). Accordingly, Mr. Skaggs indicates that he has never before collaterally attacked these convictions in any federal court. Petition ¶¶ 15-16.

Relief under § 2241 is generally unavailable to an inmate who is eligible to move the sentencing court for relief under § 2255, but has not done so. However, § 2255's "savings clause" permits a prisoner to mount a collateral attack under § 2241 when the remedy provided by § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255 ¶ 5; *In re Smith*, 285 F.3d 6, 8 (D.C. Cir. 2002). Mr. Skaggs suggests that he falls within this exception because the district courts in Texas lacked jurisdiction over his cases. *See* Petition ¶ 19. However, this Court need not address this issue, nor reach the merits of Mr. Skaggs's claims, because it lacks jurisdiction over his habeas petition. Even if relief under § 2241 is available to Mr. Skaggs, he must seek that relief in the judicial district in which he is incarcerated. *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004). Accordingly, it is hereby

**ORDERED** that this case shall be **TRANSFERRED** to the United States District Court for the Western District of Louisiana; and it is

**FURTHER ORDERED** that the Clerk shall serve a copy of the petition and this Order on the Attorney General and the U.S. Attorney for the District of Columbia; and it is

**FURTHER ORDERED** that the Clerk shall serve a copy of this Order on Mr. Skaggs, at the address listed below; and it is

**FURTHER ORDERED** that this case shall be closed and removed from the docket of this Court.

**SO ORDERED**.

Date: February 27, 2007

/s/
ROSEMARY M. COLLYER
United States District Judge

cc:
Jess Oran Skaggs
Reg. No. 31880-177
F.C.I. Oakdale
P.O. Box 5000
Oakdale, LA 71463