UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**RECEIVED**

MAR 2 8 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

JESS ORAN SKAGGS,

   Petitioner,

 v.

ALBERTO GONZALES , et al.,

   Respondents.

Civil Action 07-383(RMC)

## MOTION FOR RECONSIDERATION OR IN THE ALTERNATIVE RULE 60(a)(b)

**COMES NOW,** Jess Oran Skaggs, pro-se, (hereinafter "Petitioner") in want of counsel, and moves for this Honorable Court of Rosemary M. Collyer, to reconsider it's order of February 27, 2007.  In the Court's <u>Memorandum Opinion and Order</u> the Court erred in it's opinion.

### ARGUMENT

A §2255's "saving clause" permits a prisoner to mount a collateral attack under §2241 when the rmemdy provided by §2255 is "inadequate or ineffective to test the legality of his detention."

**Furthermore,** the relief the Petitioner seeks is provided under the Law Of HABEAS CORPUS, in the Common Law, the Constitution and Statutes of the United States of America, and the Federal Civil Code Rules of Procedure.  That the Petitioner herein, has been and is presently imprisoned and restrained of his liberty in violation of the rights thereof as set forth and guaranteed in the Constitu-

///// - 1

tion of the United States and Federal Laws made in conformance therewith.

That Mr. Skaggs, Petitioner herein, is incaccerated in the Federal Correctional Complex, Oakdale, Louisiana, in violation of the Constitutional rights of the Petitioner herein as set forth without restriction, in Article V, VI, VIII, and XIV in Amendment of the Constitution of the United States, as amended AD 1791.

That tis Court has personal jurisdiction over the respondents' named in the caption area above in the nature of 28 U.S.C. §88; 49 Stat. 1921, June 25, 1936, and the 80th Congress, House Report No. 308, it is shown tha tthe district court of the United States, for the District of Columbia, is a Constitutional Court, rather than a legislative-Territorial Court, and therefore is duly empowered under the Constitution of the United States of America, as amende anno Domini 1791, and by way of an Act of Congress, to entertain the instant cause at bar, whereby the Petitioner invokes this Court's Original Jurisdiction.

That the relief sought herein, is provided for under the Common LAw, the Constitution of the United States of America, as amended AD 1791, Article I §9 Cl. 2, and in the nature of 28 U.S.C. §2241.

The Honorable Rosemary M. Collyer has personal jurisdiction over the respondents' in the caption area, supra, in the nature of D.C. Code §13-422, and 28 U.S.C. §1331, 1332, and 28 U.S.C. §2241 where both respondents ahve their principle place of business within the District of Columbia.

This Court I|s compelled to entertain the instant pleading as submitted and to not attempt to construe or convert the pleadings

///// - 2

into any other statutory provision.  See, **Adams v. United States**, DK. No. 87-2263 (2nd. Cir. 1998); and **United States v. Morgan**, 346 U.S. 502, 505 (1954).

Some courts created by Acts of COngress have been referred to as a "Constitutional Court," where others are regarded as "Legislative Tribunals" 28 U.S.C. §88 District of Columbia-Courts, Act of June 7, 1934, 48 Stat 926, and the Act of June 25, 1936, 49 Stat. 1921, provided that the Court of Appeals of the District of Columbia, the Supreme Court, and District Court of the United States of the District of Columbia, are shown to be Constitutional courts created under Article III of the Constitution.  See, **O'Donoghue v. United States**, 289 U.S. 516 (1933), 77 L.Ed 1356, 53 S.Ct. 74, **Mookini v United States**, 303 U.S. 201 at 205 (1938), 82 L.Ed 748, 58 S.Ct. 543.  The **Federal Trade Commission v. Klesner**, 274 U.S. 145 (1927) and **Claiborne-Annapolis Ferry Co. v United States**, 285 U.S. 382 (1932).

That the Petitioner is in custody for an act not done or committed in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States.  And he is in custody in violation of the Constitution of the laws and/or treaties of the United States (28 U.S.C. §2241(c)(2)(3)).

That the government has failed ab initio to establish federal subject matter jurisdicition, where it ahs failed to charge the sine qua non, an alleged violation of the Federal Interstate Commerce statute, as a prerequisite to the subsequence charged offense.

That, the Petitioner now shows this Honorable Court that the Federal government lacked legislative, and territorial jurisdiction over the locus in quo, and also lacked the Constitutional or Con-

///// - 3

gressional authority to reach prohibitive acts alleged to be criminal in nature, which were committed well within the borders of the sovereign state of Texas.

In the United States, there are two separate and distinct kinds of jurisdiction. The jurisdiction of the states within their own territorial boundaries, and then Federal jurisdiction. Broadly speaking, the state jurisdiction encompasses the legislative power to regulate control and govern real and personal property, individuals, and enterprises within the territorial boundaries of any given state. In contrast, federal jurisdiction is extremely limited: In July of 1776, after declaring their independence, the **new** States possessed all their sovereignty, power, and jurisdiction over all soil and people in their respective territorial limits. This condition o fsupreme sovereignty of each state over all property and persons within the vorders thereof continued notwithstanding the adoption of the Articles of Confederation. In Article II, it is expressly stated:

> " Each state retains its sovereignty freedom and independence, and every power, of jurisdiction and right which is not by this Confederation, expressly delagated to the United States, In Congress assemble."

The essence of the retention of each states jurisdiction is embodied in the Constitution at Article I, Section 8, Clause 17 of the Constitution of the United States of America, which reads as follows:

> " To exercise exclusive legislation in all cases over such districts (not exceeding Ten Miles Square) as may be cession of particular states, and acceptance of Congress becomes the seat of the government of the United States, and to exercise the authority over all places purchased by the consent of the Legislatve of the states in which the same shall

///// - 4

be for the erection of forts, magazines, arsenals, dock-yard and toher needful buildings."

The reason for the inclusion of this clause in the Constitution was and is obvious.  Under the Article of Confederation, the states retained full and complete jurisdiction over lands and persons within their borders.

By "jurisdiction" is meant the authority of the federal courts to hear and decide a matter.  Thus, it is even more correct to say that, " The federal courts have no jurisdiction of Common Law offenses, and there is no jurisdiction of Common Law offenses, and there is no abstract pervading principle of the Common Law of the Union which we (federal courts) can take jurisdiction." **State of Pennsylvania v. The Whelling E. Bridge Co.**, 13 How. ||54 U.S.) 518, 563 (1851).

Where the instant matter is concerned, the accused committed no violation of any properly enacted and/or duly promulgated federal law within the legislative jurisdiction of the federal United States, nor within the parameters defined under the implementing regulations for the Federal sentencing provisions, thus, the sentencing provisions set out do not apply to the accused.

The court will find that the statutory provisions under which the U.S. District Court imposed the sentence against the accused ||18 U.S.C. §3551), apply not to the Acts of Congress, which are applicable only in the District of Columbia.

The indictment or complaint can be invalid if it is not comstructed in the particular mode or form prescribed by the Constitution or Statutes (42 C.J.S., 'Indictments and Information.'  §1, pg. 833).

But it also can be defective and void when it charges a violation of a law, and that law is void, uncosntitutional, unenacted, or mis-applied.  If the charging document is void, the subject matter of a court does not exist.  The want of a sufficient affidavit, com-plaint, or information goes to the jurisdiction of the court... and renders all proceedings prior to the filing of a proper instrument void ab initio.  22 Corpus Juris Secundum, "Criminal Law," §324, pg. 390.

The crux then of this whole issue of jurisdiction involves law, that is, the law claimed to be violated.  If one is subject to a law, they are then under the jurisdiction of some authority.  If a crime is alleged but there is no law to form the basis of that crime, there is no jurisdiction to try an sentence one even though they are subject to the legislative body and the court.  There has to be a law, a valid law, for subject matter jurisdiction to exist. Laws which lack an enacting clause are not laws of the legislative body to which we are constitutionally subject.  Thus if a complaint or information charges one with a violation of a law which has no enacting clause, then no valid law is cited.  If it cites no valid law then the complaint charges no crime, and the court has **no** sub-ject matter jurisdiction to try the accused.

> [N]o authority need to be cited for the proposition that, when a court lacks jurisdiction, any judgment rendered by it is void and unenforce-able ... and without any force or effect whatever.  **Hooker v. Boles**, 346 F.2d 285, 286 (1965).

A judge or court may be in a legal sense immune form any claims tha tis is guilty of wrong because of its improper exercise of jur-isdiction.  However, it has no such protection where it lacks jur-isdcition and the issue has been shown, a judgment rendered is

///// - 6

is not only bold, but is also usurpation.  Jurisdiction is a fund-
amental prerequisite, and an usurpation thereof is a nullity.  22
Corpus Juris Secundum, "Criminal Law," §150 pg. 183.  The excessive
exercise of authority has reference to want of power over the sub-
ject matter, the result is void when challenged directly of collat-
erally.  If it has reference merely to the judicial method of the
exercise of power, the result is binding upon the parties to the
litigation till reversed....  The former is usurpation, the latter
error in judgment.  **Voorhees v. The Bank of the United States**, 35
U.S. 449, 474-75 (1936), the line which separates error in judgment
from the usurpation of power is very definite.

   **WHEREFORE**, Jess Oran Skaggs, Petitioner's **Writ of Habeas Corpus**
should not be DENIED but **GRANTED**.  It is incumbent upon this Court,
in the interest of justice, by and through the Judicial Notice
[filed with this Court along with the Writ], as a neutral party
between both Petitioner and Repsondents' upon its own motion, to
issue a, **ORDER TO SHOW CAUSE** to the Respondents' why a **WRIT OF
HABEAS CORPUS** should not issue, within 30 days of service, in the
"showing" based upon the facts and points raised in the Writ.

Dated: _3-22-_____, 2007

                              Respecfully submitted
                              by:
                              _Jess O. Skaggs_
                              Jess Oran Skaggs